**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

GLORIA DIAZ GOMEZ                          CIVIL ACTION NO. 26-0522

                                          SECTION P
VS.
                                          JUDGE JERRY EDWARDS, JR.

U.S. IMMIGRATION & CUSTOMS                 MAG. JUDGE KAYLA D. MCCLUSKY
ENFORCEMENT

## REPORT AND RECOMMENDATION

Petitioner Gloria Diaz Gomez,[1] a detainee at South Louisiana ICE Processing Center in

the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration

and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas

corpus under 28 U.S.C. § 2241.[2]  For reasons below, the Court should dismiss the Petition.

## Background

Petitioner is a citizen of Honduras.  [doc. # 1-2, p. 3].  She entered the United States of

America in 1991.  *Id.*

On October 3, 2025, an immigration judge ordered Petitioner removed from the United

States.  [doc. # 1-2, p. 3].  On October 31, 2025, Petitioner appealed the removal order to the

Board of Immigration Appeals ("BIA").  *Id.*  Her appeal is pending.  *Id.*

Petitioner filed this proceeding on approximately February 6, 2026.  [doc. # 1, p. 8].

Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), she claims that her detention violates her right to

---

[1] Petitioner's "A-Number" is 094-275-981.

[2] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

due process because she has been detained for a prolonged period and ICE is not likely to remove her in the near future.  [doc. #s 1, p. 6; 1-2, p. 4].

Petitioner seeks release from detention.  [doc. # 1, p. 7].

### Jurisdiction

Under 28 U.S.C. § 2241(c)(3), the Court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States."  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005).  District courts may not review challenges to final orders of removal.  8 U.S.C. § 1252(a)(5); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).  And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole,"  8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute.  *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (citing *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA.").

Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

## Law and Analysis

### I. Overstay in Detention

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) (emphasis added), the Supreme Court held that if an alien is detained for six months after a *final* order of removal, and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Petitioner's petition is premature because her appeal before the BIA is pending, and, thus, her order of removal is not final. *See Lopez Acosta v. Rosen*, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies below, he is no longer subject to a final order of removal . . . ."); *Castillo-Rodriguez v. I.N.S.*,

3

929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board.").

Under 8 U.S.C. §1101(a)(47), an "order of deportation" becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Likewise, under 8 C.F.R. § 1241.1, "An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ." *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

The Court should dismiss this petition.

## Recommendation

For reasons above, **IT IS RECOMMENDED** that Petitioner Gloria Diaz Gomez's petition be **DISMISSED WITHOUT PREJUDICE** to her right to re-file her *Zadvydas* claim should her confinement become unconstitutional.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 12th day of March, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge